UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JANE DOE, MD.,<br><br>  Plaintiff,<br><br>  v.<br><br>STEVEN L. LIEBERMAN, *et al.*,<br><br>  Defendants | Case No. 20-cv-2148 (CRC) |

## ORDER

The Court hereby **DENIES** Plaintiff's Motion for Order of Sanction [ECF Doc. No. 31] and **STRIKES** Plaintiff's Motion to Seal [ECF Doc. No. 33].

Plaintiff has not carried her burden to establish by clear and convincing evidence that the defendants have violated a direct order of this Court. Chief Judge Howell's August 5, 2020 Order permitted plaintiff to proceed in this case under a pseudonym subject to reconsideration by the District Judge that was to be assigned to the case. ECF Doc. No. 4 at 7-8. That order further prohibited the defendants from "publicly disclosing the plaintiff's identity or any identifying information that could lead to the identification of the plaintiff by nonparties[.]" Id. at 8. Dr. Doe has not shown how defendant Eastern Colorado Healthcare System's ("ECHS") reporting of its adverse findings to medical licensing boards in states where Dr. Doe practices could reasonably lead to the disclosure of her identify as the plaintiff in this case, especially given that the joint appendix and summary judgment exhibits are currently sealed pursuant to the Court's April 14, 2021 Minute Order. The same is true for the underlying evidence file, which was developed and maintained independently of this lawsuit, that ECHS provided to the Mississippi licensing board at its request.

Nor do ECHS's disclosures violate this Court's April 14, 2021 Minute Order granting the plaintiff leave to file the joint appendix under seal. That order was not intended to limit either party's ability to lawfully disclose materials within the joint appendix outside the context of this litigation. To the extent plaintiff believes that the relevant disclosures were unlawful, she is entitled to seek leave to amend her complaint in this case or pursue relief through other means.

That ECHS's disclosures may have resulted in a breach of the prior-notice provision of the parties' agreement concerning the withdrawal of plaintiff's TRO motion does not bear on whether the defendants violated a court order. The most obvious remedy for any such breach would be for plaintiff to renew her TRO motion. The Court notes, however, that it is in the process of reviewing the extremely voluminous record in the case and will soon be prepared to schedule a hearing on the parties' cross-motions for summary judgment. As a result, pursuing emergency relief would likely not result in a ruling any sooner than continuing to proceed on the merits.

Finally, plaintiff's motion to seal her sanctions motion and the supporting exhibits must be stricken under Rule 11 of the Federal Rule of Civil Procedure. The motion is signed only by the plaintiff herself. Rule 11(a), however, requires that, unless the moving party is unrepresented, "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name[.]" In any case, there is no general seal on papers filed in this litigation. Should plaintiff believe that particular information in the pleadings, or certain exhibits or portions thereof, disclose her identify as the plaintiff or otherwise meet the standards for overcoming the strong presumption of public access to federal judicial proceedings, she may renew her motion, through counsel and indicating the defendant's position as required by the rules.

3

SO ORDERED.

Date:  June 9, 2021                                                     _____
                                                             CHRISTOPHER R. COOPER
                                                             United States District Judge