IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JANE DOE, M.D.,** ) | |
|     Plaintiff, ) | |
| ) | |
|     v. ) | Case No. 1:20-cv-02148-CRC |
| ) | |
| **STEVEN L. LIEBERMAN,** et al., ) | |
|     Defendants. ) | |

_____

**PLAINTIFF'S REPLY TO DEFENDANT DAB'S "EXPLANATION" ON REMAND**
_____

On September 22, 2021, the Court remanded this matter to Defendant Disciplinary Appeals Board. The 27-page Memorandum Opinion directed the DAB to either (i) explain its decisions to exclude certain evidence consisting of supplemental exhibits and prior sworn testimony which Dr. Doe sought to offer in defense at her disciplinary hearing or (ii) reconsider its decision to uphold her removal from federal service in light of any of the excluded evidence it might subsequently choose to accept. *See* Mem. Op. at 1-2, 10, 14, 16-17, 19, 26, 27. The DAB has now produced an essentially 1-paragraph "response," attached **Ex. 1**, which does neither – although purporting to take the "explanation" approach.

    **1.**    **The "Explanation" for Rejecting Dr. Doe's Supplemental Exhibits Is Non-Credible**

    **a.**    <u>**There was no filing deadline for exhibits**</u>. The DAB response first proffers a 2½-sentence, blatantly false explanation that the supplemental exhibits supposedly missed a filing deadline. *See id.* at 2nd ¶. The DAB asserts that the parties were informed on June 25, 2019, that "all *exhibits*, motions and requests were due to the DAB for consideration by October 7, 2019." *Id.* (emphasis added). That is patently untrue. The actual June 25, 2019 communication stated "Pre-hearing ***Motions or Other Requests***: If you have ***any pre-hearing motions or other requests***, they must be received ... no later than <u>Monday October 7, 2019</u>. ***Responses to motions*** must be received ... no later than by <u>Monday October 14. 2019</u>." Attached **Ex. 2** (6/25/19 DAB Hearing notice) at 2 ¶ 3.d (emphasis added, underlining in original). There was no mention of *exhibits* – which are evidence, not motions or requests – being

subject to that or any other deadline.[1]  To the contrary, under "Presentation of Cases" the communication confirmed that "*[a]t this hearing both parties will have the opportunity to present their cases through ... the introduction of evidence*."  *Id.* ¶ 3.b (emphasis added).

Even the VA itself never had any understanding that there was a DAB deadline for the submission of exhibits, much less one of October 7, 2019.  That is evidenced by the fact that on November 29, 2019, its counsel submitted additional exhibits to the DAB for use in the hearing.  *See* attached **Ex. 3** (11/29/19 Agency's Third Amended Notice of Proposed Witnesses and [additional] Exhibits).  Also on that date VA counsel submitted a 7-page written objection to Dr. Doe's supplemental exhibits – and never once argued that any supposed submission deadline had been missed by Dr. Doe.  *See* attached **Ex. 4** (11/29/19 Agency's Objection to Appellant's Exhibits).  The most compelling evidence that there never was any deadline is that in excluding both sides' exhibits the DAB chairman never mentioned that any filing deadline had been missed by either party.  *See* attached **Ex. 5** (12/2/19 Hrg. Tr. 9:17-19).

The purported October 7, 2019 deadline for the submission of exhibits is a purely after-the-fact pretextual construct.  As such, the proffered explanation does not "enable the court to evaluate the agency's *rationale at the time of decision*." *Coburn v. McHugh*, 679 F.3d 924, 934 (D.C. Cir. 2012) (emphasis added, internal quotation marks omitted).  Further, in response to Dr. Doe's counsel making a record regarding the DAB's exclusion of her supplemental exhibits, the DAB Chairman merely stated "Noted." **Ex. 5** (10:3-21).  That " 'failure to respond meaningfully to objections raised by a party renders

---

[1] Express deadlines *were* established, however, for the submission of witness lists (October 9, 2019) and objections to any such witnesses (October 14, 2019).  *See* **Ex. 2** ¶ 3.e.  Nevertheless, the parties continued to revise and supplement their witness lists until Friday November 29, 2019 before the Monday December 2, 2019 commencement of the hearing.  *See* attached **Ex. 2.1** (10/9/19 Agency's Notice of Proposed Witnesses), **Ex. 2.2** (10/9/19 [Appellant's] Proposed Witness List with Proffer of Testimony), **Ex. 2.3** (11/1/19 Agency's Amended Notice of Proposed Witnesses), **Ex. 2.4** (11/6/19 Agency's Second Amended Notice of Proposed Witnesses), **Ex. 2.5** (11/6/19 Appellant's Amended Witness List), **Ex. 2.6** (11/22/19 Appellant's Second Amended Witness List), **Ex. 3** (Agency's Third Amended Notice of Proposed Witnesses and [additional] Exhibits).  If the express deadlines for witnesses were not enforced, unestablished deadlines for exhibits would not be treated as immutable.

[the agency's] decision arbitrary and capricious.' " *Coburn*, 679 F.3d at 934 (quoting *PSEG Energy Res. & Trade LLC v. FERC*, 665 F.3d 203, 208 (D.C. Cir. 2011)).

    **b.** **Dr. Doe's supplemental exhibits had purposes relevant to the DAB hearing.** As a fall-back explanation for excluding a portion of Dr. Doe's supplemental exhibits the DAB offers a 2½-sentence conclusory assertion.  Supposedly, some of them (none specifically identified) were related to a discrimination case which was outside the Board's jurisdiction and scope and were therefore supposedly not relevant to matters before it.[2]  **Ex. 1** at 2nd ¶.  But, the argument ignores that such exhibits were not sought to be introduced to prove discrimination but, rather, for the purpose of showing a motive for and scheme to eliminate Dr. Doe, thereby undermining the credibility of the case against her.

  Indeed, as this Court itself noted, Dr. Doe wished to offer into evidence certain supplemental exhibits for use in impeaching witnesses.  Such evidence included:  documents which were purportedly relevant to Dr. Doe's claim that dysfunction and hostility were widespread in the hospital's anesthesiology department, rather than being caused by her; emails from DAB witnesses in which they discussed Dr. Doe and arguably exhibited bias against her; various positive evaluations of Dr. Doe's

---

[2] In advancing this argument the DAB is asking to be hoist by its own petard.  All of the Specifications except # 8 were based on complaints received after January 11, 2018.  (Spec. # 1 and # 2 complaints were received February 12, 2018 (*see* AR241, 253); Spec. # 4 complaint was received February 7, 2018 (*see* AR282); Spec. # 5 complaint was received February 23, 2018 (*see* AR301).)  That is significant because Defendant ECHS was aware no later than January 11, 2018, that Dr. Doe was laboring under the disability of a high-risk pregnancy (*see* AR1072-73, 2494 ¶¶ 9-11) and had sought a reasonable accommodation of that disability (*see* AR2533).  That accommodation was not granted, however, until February 22, 2018 (*see* AR2495 ¶ 23), after Dr. Doe had been suspended.  Because the DAB doesn't have jurisdiction to review disability-related issues, *see* AR3063 ¶ 5 (DAB has exclusive jurisdiction over cases arising out of or including questions of professional conduct or competence in which major adverse actions taken), the matters in those Specifications should have been reviewed instead by a Physical Standards Board (re issues of mental or physical condition relating to charges) or the EEO discrimination complaint process (re allegations of discrimination on basis of disabling condition), *see* AR3065 ¶ 7.f.  As of February 2, 2018, Defendants had been planning to address the same allegations forming the basis for the adverse privileging action with a Performance Counseling Memo, *see* AR2478-2479, that included a suggested solution that Dr. Doe "[t]ake a formal communication class," AR2479  ¶ 2(c)(6).

performance countering adverse evidence on which the DAB relied[3]; and an assortment of other evidence that arguably was inconsistent either with specific testimony offered by witnesses at the hearing or the penalty imposed. *See* Mem. Op. at 16-17.

Accordingly, this Court concluded that "The summary exclusion of [Dr.] Doe's additional documentary and impeachment evidence violated established principles of agency adjudication because the materials were at least arguably relevant and the DAB failed to give any reason justifying the exclusion." *Id.* at 17.  It still has not done so; the DAB's purported rationale in this regard completely fails to address the matters previously noted by the Court.

The DAB's conclusory statement regarding lack of jurisdiction and irrelevance is not one of reasoning which articulates a satisfactory explanation for its action.  *See Butte Cnty., Cal v. Hogen*, 613 F.3d 190, 194 (D.C. Cir. 2010).  Its blatant "refusal to consider evidence bearing on the issue before it constitutes arbitrary agency action ..." *Id.*

**2.    No "Explanation" Whatever Is Offered for the Exclusion of Prior Sworn Testimony**

This Court has also expressly recognized that Dr. Doe sought to introduce prior sworn inconsistent testimony from other proceedings to impeach witnesses against her in the DAB hearing.  *See* Mem. Op. at 17.  It ruled that "the DAB's failure to explain its evidentiary decision[] regarding [Dr.] Doe's ... introduction of prior sworn testimony requires remand under the statutory standards applicable to agency adjudications." *Id.* at 14.  It emphasized that "[b]ecause the DAB failed to give any explanation for the exclusion of ... the prior sworn testimony, the DAB's decision 'cross[es] the line from the tolerably terse to the intolerably mute.' " *Id.* at 19 (quoting *Greater Bos. Television Corp. v. FCC*, 444 F.2d 841, 852

---

[3] For example, among the supplemental exhibits excluded by the DAB were Dr Doe's annual performance evaluation reports required for her renewal of clinical privileges since the beginning of her VA employment. The evaluations included as "Performance Metrics":  professionalism, availability, interpersonal skills, and appropriate working relationships with staff (*see* AR 796-813). She was rated 100% in all her performance metrics for mid-year 2017 (AR-814).  Absent this contrary evidence, the DAB instead relied on allegations of a pattern of unprofessional conduct and improper communication in upholding Specifications 1 (*see* AR966), 5 (*see* AR967-68), 8 (*see* AR968) and in their penalty determination analyses (*see* AR968-70).

(D.C. Cir. 1970); citing *AT&T Wireless Servs., Inc. v. FCC*, 270 F.3d 959, 968 (D.C. Cir. 2001) (noting that "[c]onclusory explanations for matters involving a central factual dispute where there is considerable evidence in conflict do not suffice to meet the deferential standards of [judicial] review.")). It therefore remanded to the DAB to either explain the exclusion or reconsider its decision in light of the subsequent admission of any such evidence. *Id.*

Not surprisingly after all of that, the DAB's response expressly acknowledged that on remand it was required "to provide an explanation for its decision to exclude ... the prior sworn testimony here or reconsider its decision in light of any of the excluded evidence it may now choose to admit." **Ex. 1** at 1st ¶. Yet, despite that express recognition, the DAB's response completely fails to even address – much less attempt to offer any reason for – exclusion of the prior sworn testimony.[4] Nor does it reconsider its decision in light of the admission of such testimony. Those omissions are fatal to the DAB's response.

## CONCLUSION

On remand, the DAB was given a choice. It could either explain its reasons for excluding Dr. Doe's supplemental exhibits and the prior sworn testimony she sought to use for her defense or it could reconsider its decision in light of any such evidence it subsequently chose to accept. The DAB chose the "explanation" route rather than taking the "reconsideration" approach – but it botched the job.

First, rather than offering any sort of rational explanation for the exclusion of Dr. Doe's supplemental exhibits, the DAB concocted an after-the-fact pretextual excuse that is blatantly false. It compounded that misdeed by scraping up a sleight-of-hand misdirection ploy which this Court has previously rejected. The DAB then completed its tour-de-force by completely failing to even address its exclusion of prior sworn testimony for impeachment purposes – because there was nothing it could say. Better to try and sweep matters under the rug and hope no one notices, apparently.

---

[4] That failure is all the more egregious in view of the fact that even Agency counsel conceded that sworn deposition testimony of VA witnesses, including Dr. Black and CRNA Fredriksson, contained information relevant to the DAB hearing. *See* attached **Ex. 6** (11/20/19 Burlison e-mail to Sakawi) 2nd bullet.

In short, the DAB's response on remand fails to adequately explain its result as required in order to avoid being arbitrary and capricious. *See Pub. Citizen, Inc. v. FAA*, 988 F.2d 186, 197 (D.C. Cir. 1993). The Court has previously noted that it would reserve until remand was complete any evaluation regarding the sufficiency of the evidence supporting the DAB's decision to remove Dr. Doe from federal service. *See* Mem. Op. at 2, 10. Remand is now complete and the DAB has failed to explain its evidentiary exclusions. Accordingly, the record does not support the DAB's removal decision by substantial evidence.[5]

Substantial evidence cannot be found where a decision fails to "tak[e] into account contradictory evidence or evidence from which conflicting inferences could be drawn."[6] *Lakeland Bus Lines, Inc. v. N.L.R.B.*, 347 F.3d 955, 962 (D.D.C. 2003) (quoting *Universal Camera Corp. v. N.L.R.B.*, 340 U.S. 474, 488 (1951)). The decision at issue here is arbitrary and capricious and so cannot withstand judicial review because the DAB not only failed to address, but entirely ignored, relevant evidence. *See, e.g., El Rio Santa Cruz Neighborhood Health Ctr. v. U.S. Dep't of Health & Human Servs.*, 396 F.3d 1265, 1276-78 (D.C. Cir. 2005); *Morall v. DEA*, 412 F.3d 165, 178 (D.C. Cir. 2005). On the record as it now stands, the DAB's decision must be vacated.

---

[5] Defendants' actions also are unsupported by substantial evidence for all the other reasons set forth in Dr. Doe's summary judgment briefs. For example, Specification 8 was upheld by the DAB based in part upon hearsay testimony about surgeons scheduling procedures to avoid Dr. Doe and requesting backup availability when scheduled with her, AR968. Surgeons so canceling or delaying surgeries when she was scheduled to be the anesthesiologist was also cited by the DAB as a factor in upholding the removal penalty, AR969 § IV, ¶ 6. Those references were based upon two specific cardiac patient cases – an August 1, 2017 surgery (relating to patient Manzanares 8526) and patient Smith 6131, *see* AR342.

But, both those cases involved episodes of patient care which the VA had scrutinized in its protected peer review process. *See, e.g.,* Pl's [SJ] Memo ... Resp ... and Reply (ECF 25), Ex. 1 (ECF 25-1 [11/13/17, 8/16/17 and 11/13/17 memoranda]). As a quality assurance program, information considered in a protected peer review is confidential under 38 U.S.C. § 5705. It may only be used for quality management purposes and cannot be used in personnel actions, such as changes in privileges. Pl's [SJ] Memo ... Resp ... and Reply at 33 (citing AR869-70). By considering evidence of those episodes in upholding that Specification and penalty, VA's decision, the DAB committed a harmful procedural error and violated 38 U.S.C. § 5705, VA directives, and Dr. Doe's due process rights.

[6] Indeed, each of the two cardiac patient cases addressed in the footnote immediately above were actually considered by an outside VA physician reviewer, who determined that Dr. Doe met the standard of care in both cases. *See* attached **Ex. 7**.

DATED:   November 19, 2021.

JONES & KELLER, P.C.
 *S/ T.P. McMahon*
Thomas P. McMahon
tmcmahon@joneskeller.com
Admitted *pro hac vice*
1675 Broadway, 26th Floor
Denver, Colorado
Tel. (303) 573-1600
HOYER LAW GROUP, PLLC
David Lawrence Sher
Dave@hoyerlawgroup.com
1300 I Street N.W. Suite 400e
Washington, DC 20005
Tel. (202) 975-4995
Attorneys for Plaintiff

CERTIFICATE OF SERVICE

I hereby certify that on November 19, 2021, a true and correct copy of the foregoing pleading was electronically filed and served using the CM/ECF system.

MICHAEL R. SHERWIN
Acting United States Attorney
DANIEL F. VAN HORN, D.C. Bar No. 924092
Chief, Civil Division
CHRISTOPHER C. HAIR, PA Bar No. 606656
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 252-2541
christopher.hair@usdoj.gov
   *Counsel for Defendants*

*s/ Renae Mesch*
Renae Mesch